UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMELIA SAPPHIRE, individually and as class representative,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>Defendant. | Case No.<br><br>King County Superior Court<br>Case No. 22-2-19510-0-SEA<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, AND TO PLAINTIFF AMELIA SAPPHIRE

PLEASE TAKE NOTICE THAT Defendant Fred Meyer Stores, Inc. ("Defendant") hereby removes this action from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting original federal jurisdiction on the basis of diversity jurisdiction and the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332, and states that removal is proper for the following reasons:

NOTICE OF REMOVAL - 1

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

**PROCEDURAL BACKGROUND IN STATE COURT**

1. On November 23, 2022, Plaintiff filed a civil action against Defendant in the Superior Court of the State of Washington for King County ("Circuit Court"), entitled *Amelia Sapphire v. Fred Meyer Stores, Inc.,* Case No. 22-2-19510-0-SEA (the "Lawsuit").

2. Defendant was served with a copy of the Complaint on November 28, 2022. True and correct copies of all documents served on Defendant are attached hereto as **Exhibit A**.

3. Exhibit A constitutes all of the pleadings served on Defendant and filed in King County Superior Court prior to the filing of this Notice of Removal.

**TIMELINESS**

4. This Notice of Removal is timely in that it is filed within thirty (30) days after Defendant was served with a copy of the initial pleading setting forth the claim for relief upon which this action is based.

**FEDERAL JURISDICTION**

5. Any civil action filed in a state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

6. As set forth more fully below, this action is removable because this Court has original jurisdiction under CAFA, and it may be removed from King County Superior Court pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the aggregate, minimal diversity exists

NOTICE OF REMOVAL - 2

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

between the parties, and the amount in controversy based on individual class members' aggregated claims exceeds the sum of $5,000,000, exclusive of interest and costs.

7. This action may also be removed to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**The Removed Action Is a "Class Action" Subject to CAFA Removal**

8. This case is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) and is therefore removable under the provisions of CAFA.

9. Plaintiff brings this action "as a class action" under Washington Superior Court Rule 23 on behalf of: "All individuals who are or have been employed by Fred Meyer in the State of Washington at any time since the activation of the new payroll system, which is believed to have occurred in September 2022, through the date of final disposition of this action." Compl., at ¶ 8.

10. Rules 23(a) and (b)(3) of the Washington Superior Court Rules authorize actions to be brought by "one or more" persons who may "sue or be sued as representative parties on behalf of all" and are materially identical to Federal Rules of Civil Procedure 23(a) and (b)(3). Thus, actions under Washington Superior Court Rules 23(a) and (b)(3) qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action. 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1711(2).

**This Action Satisfies CAFA's Minimal Diversity Requirement**

11. CAFA extends federal jurisdiction over any class action where there

NOTICE OF REMOVAL - 3

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

is "minimal diversity" between any class member and any defendant. Minimal diversity is met when any member of a class of plaintiffs is: (1) a citizen of a state different from any defendant; (2) a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (3) a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2)(A)-(C).

12. Plaintiff's last known address reflected in the Complaint shows that she is a citizen and resident of the State of Washington. *See* Compl. at ¶ 6.

13. Defendant is incorporated in Ohio and its principal place of business is in Ohio. Defendant is registered to do business in Washington.

**The Amount in Controversy Exceeds $5 Million**

14. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6).

15. Plaintiff's Complaint does not plead a specific amount of damages or amount in controversy. Rather, the Complaint only contains generic statements that "Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial." Compl. at ¶¶ 22, 25, 30, 36. The prayer for relief also seeks, *inter alia*, an award of "compensatory and exemplary damages" to Plaintiff and the putative class. *Id.* ¶ 37(e).

16. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). Such notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

NOTICE OF REMOVAL - 4

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

threshold." *Id*. at 89. A removing defendant "is permitted to rely on a chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id*.

17. The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias*, 936 F.3d at 927 (citation omitted). "In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Id*. As such, "the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite … amount.'" *Id*.

18. Without prejudice or waiver to Defendant's defenses in this action, Defendant avers that the amount in controversy in this case easily exceeds $5 million, exclusive of interest and costs, based on the substantive allegations in Plaintiff's Complaint and the relief that Plaintiff seeks.

19. Here, the putative class is defined in the Complaint as: "All individuals who are or have been employed by Fred Meyer in the State of Washington at any time since the activation of the new payroll system, which is believed to have occurred in September 2022, through the date of final disposition of this action." *See* Compl. at ¶ 8. Plaintiff estimates that the putative class includes more than 10,000 individuals. *Id*. ¶ 9.

20. Plaintiff also alleges that Defendant's violations were willful under RCW 49.52.050. Pursuant to RCW 49.52.070, such willful violations may result in double damages, together with costs of suit and reasonable attorney fees.

NOTICE OF REMOVAL - 5

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

21.     Accordingly, given that Plaintiff seeks twice the amount of unpaid wages as exemplary damages under RCW 49.52.070, the maximum potential amount of unpaid wages need only total $2.5 million for the putative class of 10,000 members in order to exceed the jurisdictional threshold under CAFA. On behalf of these members, Plaintiff alleges that Defendant's new payroll system, implemented in September 2022, "has caused widespread pay issues for Plaintiff and members of the Class, including but not limited to: (1) missing or late paychecks; (2) canceled direct deposits; (3) incorrect payment of wages; (4) incorrect recording of hours worked; (5) incorrect deductions or withholdings from wages; (6) incorrect or missing statements of deductions or withholdings; and (7) delayed disbursement of deductions or withholdings to the appropriate recipients." *Id.* ¶¶ 15-16.

22.     Even if one were to conservatively account for only $2.5 million in alleged unpaid wages, the amount in controversy would be met at an average of only $250 in damages per class member in the three months since activation of the new payroll system was implemented in September 2022.

23.     As further evidence that the amount in controversy exceeds the jurisdictional threshold of $5 million, it should be noted that plaintiff's counsel, Richard Myers of the firm Bennett Hartman LLP, has filed a similar class action against Defendant in the United States District Court for the District of Oregon, entitled *Samantha Woody et al. v. Fred Meyer Stores, Inc.*, USDC Case No. 3:22-cv-01800-HZ attached hereto as **Exhibit B**. There, on behalf of a similar putative class of over 10,000 members, plaintiff's counsel concedes that "the matter in controversy exceeds the sum of $5,000,000." *See Woody* Compl., at ¶ 2.

NOTICE OF REMOVAL - 6

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax:  (503) 224-8851

24. Courts also consider attorney fees in establishing the amount in controversy for determining removal jurisdiction under CAFA. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"). Attorney fees in a complex class action such as this one are likely to be significant, and the inclusion of such fees further increases Plaintiff's claimed amount in controversy well over the $5 million threshold.

25. The foregoing more than establishes a "plausible allegation" – which is all that is required in a notice of removal based on the Supreme Court's holding in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) – that the amount in controversy in this action exceeds $5 million.

26. Defendant does not concede that any of the above measures of monetary relief are correct or will be sustained under applicable law. But Plaintiff's Complaint certainly puts these measures of monetary relief at issue.

## CONCLUSION

27. This case is properly removed to this Court under 28 U.S.C. § 1332 because it is a "class action" comprised of at least 100 members in the aggregate, minimal diversity exists between the parties, and the amount in controversy based on individual class members' aggregated claims exceeds the sum of $5,000,000, exclusive of interest and costs.

28. This action may also be removed to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because the parties are citizens of different states and the

NOTICE OF REMOVAL - 7

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

29.     The United States District Court for the Western District of Washington is the district embracing the place where the state court action was pending (*i.e.*, the Superior Court of the State of Washington for King County).

30.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will: (a) give written notice to Plaintiff and (b) file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of Washington for King County.  A copy of the Notice to Plaintiff is attached hereto as **Exhibit C**.

WHEREFORE, Defendant gives notice that this action is hereby removed from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington.

Dated this 19th day of December, 2022.

BULLARD LAW

By s/Dennis Westlind
   Dennis Westlind, WSB No. 39972
   Attorneys for Defendant
   Fred Meyer Stores, Inc.

NOTICE OF REMOVAL - 8

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax:  (503) 224-8851

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022 I served the foregoing **NOTICE OF REMOVAL** on:

| | |
|---|---|
| Damian S. Mendez | Richard B. Myers |
| Mendez Law Group, PLLC | Bennett Hartman |
| 3317 36th Ave South, Unit B | 210 SW Morrison St. |
| Seattle, Washington 98144 | Portland, OR 97204 |
| damian@damianmendezlaw.com | richard@bennetthartman.com |

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☑ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/Dennis Westlind
Dennis Westlind, WSB No. 39972
Attorneys for Defendant
Fred Meyer Stores, Inc.

CERTIFICATE OF SERVICE - 1

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851