THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMELIA SAPPHIRE, individually and as class representative, <br><br>        Plaintiff, <br><br>vs. <br><br>FRED MEYER STORES, INC., <br><br>        Defendant. | NO. 2:22-cv-01795 <br><br> PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT <br><br> NOTE MOTION CALENDAR: JANUARY 13, 2023 |

## I. REQUEST FOR RELIEF

Pursuant to 28 U.S.C. §§ 1332 and 1447, Plaintiff hereby moves this Court for an order remanding this case to the King County Superior Court for the State of Washington, from which it was removed to this Court. The basis for the removal is because, under 28 U.S.C. §§ 1332(d), 1446 and 1453(b), in order for a class action case to be removed to federal court, the amount in controversy based on individual class members' aggregated claims must exceed the sum of $5,000,000, exclusive of interest and costs.

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 1

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX: (206) 260-9010

Plaintiff further moves for an award to Plaintiff of attorney fees and costs incurred as a result of the removal. The basis for the motion is that Defendants have fallen well short of the minimum showing for removal and have taken a position contrary to their own public statements in regards to how many of its employees were affected by the change in the payroll system and, therefore, have needlessly required Plaintiff to incur the time and expense to respond.

This motion is supported by the memorandum of law below and the attached declarations of counsel.

## II.     EVIDENCE RELIED UPON

This motion is based on Defendant's Notice of Removal and the Declaration of Richard B. Myers submitted with Plaintiff's Motion to Remand.

## III.    LAW AND ARGUMENT

When a defendant tries to remove a case to federal court under CAFA, the defendant must engage in a two-part process regarding the amount in controversy and each one of the parts has different requirements. First, the Defendant in its Notice of Removal needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the court is satisfied that Defendant has provided enough specificity in its calculations of the amount in controversy, then the court should accept Defendant's removal unless Plaintiff contests the Defendant's allegations. *Id.*

The Ninth Circuit Court of Appeals in *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) has set forth a specific example of the kind of information that a notice of removal needs to contain in order for a defendant to show that the amount in controversy exceeds the jurisdictional threshold:

> Marriott's notice of removal alleged that the amount-in-controversy requirement was satisfied. The notice of removal discussed each of the claims alleged in the

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 2

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX (206) 260-9010

complaint and explained the components of Marriott's estimate of the amount in controversy (e.g., number of class members as defined in the complaint, number of workweeks worked during the class period, and assumed violation rates). The notice of removal thus provided "a short and plain statement of the grounds for removal."

*Arias*, 936 F.3d at 924. The defendant may rely on "reasonable" assumptions in the notice of removal if those assumptions are based on allegations in the complaint. *Id*. at 925. However, "assumptions cannot be pulled from thin air." *Id*. (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1997 (9th Cir. 2015).

It should be noted that the *Arias* case was a class action case alleging that the defendant had failed to pay wages in violations of state wage and hour laws just like in our case. However, in *Arias*, unlike in our case where the period only goes back to September 2022, the period of the class extended to four years preceding the filing of the complaint. *Id.* at 922. In its Notice of Removal, the removing defendant, Marriott, to satisfy the class size requirement provided "a declaration from a human resources officer stating that Marriott employed at least 2193 nonexempt employees during the period identified in the complaint." *Id.* at 923. Furthermore, Marriott provided employee data (e.g., number of nonexempt employees, hourly rate of pay, and number of workweeks worked by putative class members), as well as assumptions about the frequency of the violations alleged in the complaint in order to break down the calculations for each one of the potential claims. *Id*.

The second part of the process is more demanding. If the plaintiff contests the defendant's allegation, like Plaintiff is doing through this Motion to Remand, then an evidentiary showing is necessary under §1446(c)(2)(B). "[B]oth sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88*.* The defendant, as the moving party, bears the burden of proving the amount-in-controversy threshold. *Arias*, 936 F.3d at 927. Moreover, to the extent the defendant relies on

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 3

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX (206) 260-9010

attorneys' fees to establish the amount in controversy, it must show that its estimate is reasonable rather than relying on a percentage based method of calculating fees. *Id.* at 927-28.

Based on the two-part analysis described above, Plaintiff's motion should be granted for two reasons. First, as explained below, Defendant has not presented a plausible basis for removal because it has provided estimates of damages that are entirely arbitrary. Second, because Plaintiff has contested removal, Defendant must present evidence substantiating its purported basis for removal and cannot reasonably meet a preponderance of evidence showing in light of its prior public comments.

The Notice of Removal is deficient because it relies on an unreasonable assumption. In paragraph 22 of the Notice of Removal, Defendant states, "the amount in controversy would be met at an average of only $250 in damages per class member in the three months since activation of the new payroll system as implemented in September 2022." This estimate of damages per class member is entirely arbitrary. Defendant could just as easily replace that dollar figure with $100 or $1,000 because it is not tethered to any allegation in the complaint or to any evidence presented by Defendant. It is an example of a "pulled from thin air" assertion that should not be permitted by the Court as a reasonable basis for removal.

In contrast to Defendant's arbitrary estimate of $250 per class member, Plaintiff has presented evidence that the damages per class member are on average much less than $250. Decl. of Myers at ¶¶ 2-6. If five percent of the Washington workforce (10,000 x 0.05 = 500) has a missing paycheck averaging $800, and the remainder (9,500) has damages averaging $30 (*see* Decl. of Myers at ¶¶ 3-4), then total recovery even with double damages would not exceed $1.37 million. Based on the investigation of Plaintiff's counsel, the payroll problems are widespread but not so severe that a large percentage of employees are missing whole paychecks. *Id*. at ¶¶ 2-

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 4

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX (206) 260-9010

4. Defendant has publicly supported this assessment of the limited amount of workers having been impacted, telling news media that only about one percent of its employees have been affected by the payroll problems. *Id*. at ¶ 6; *see also* Decl. of Myers, Exs. 1 & 2.

The Notice of Removal also cites a lawsuit filed in Oregon as evidence of the amount in controversy exceeding $5 million. Defendant's comparison is misguided. The estimated damages in our case are unlike the damages alleged against Fred Meyer Stores, Inc. in the matter of *Samantha Woody et al. v. Fred Meyer Stores, Inc.*, USDC Case No. 3:22-cv-01800-HZ (attached as Exhibit B to Defendant's Notice of Removal).

A key distinction is that the plaintiffs' claims in *Woody et al.* seek recovery under Oregon wage laws allowing recovery of minimum statutory penalties. For example, if an Oregon employee is not timely paid all wages at the end of their employment, ORS 652.150 allows recovery of late payment penalty wages equivalent to wages for 30 days at eight hours per day. *See Id.* at 13 (¶ 41 of complaint). Assuming an average wage rate of $18 per hour and that five percent of the Oregon workforce ended their employment without complete and timely payment, late payment penalty wages would alone amount to $2.16 million. *See* Decl. of Myers at ¶ 5. (describing basis for estimated wage rate of $18 per hour). Oregon law also allows recovery under ORS 652.615 of a statutory penalty of $200 or actual damages, whichever is greater, for each impermissible withholding, deduction, or diversion from wages. *See* Notice of Removal, Ex. B at 14 (¶ 48 of complaint). Assuming all members of the Oregon proposed class had some deduction from their wages—even if a very minor dollar amount—the total penalties recoverable would equal $2 million. In sum, the combined statutory penalties under Oregon law—i.e., under ORS 652.150 and ORS 652.615 described above—could easily allow recovery of a sum of approximately $4.16 million.

The plaintiffs in *Woody et al.* seek a total of $6 million in damages. *See Id*. at 26 (showing a

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 5

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX (206) 260-9010

demand of $6 million on the civil cover sheet). If statutory penalties under Oregon law allow recovery of approximately $4.16 million, then total damages of $6 million in the Oregon lawsuit is consistent with damages of $1 million to $2 million in our case under Washington State law that does not similarly contain minimum statutory penalties for wage violations. Therefore, Defendant's comparison of the Oregon lawsuit further weighs against removal.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant her Motion to Remand. Plaintiff further moves for an award to Plaintiff of attorney fees and costs incurred as a result of the removal. The Defendants have fallen well short of the minimum showing for removal and have taken a position contrary to their own public statements in regards to how many of its employees were affected by the change in the payroll system and, therefore, have needlessly required Plaintiff to incur the time and expense to respond.

DATED this 21st day of December, 2022.

MENDEZ LAW GROUP, PLLC

_____
Damian S. Mendez, WSBA #36157


BENNETT HARTMAN, LLP

_____
Richard B. Myers, WSBA #53893

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 6

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX (206) 260-9010

**CERTIFICATE OF SERVICE**

The undersigned certified under penalty of perjury under the laws of the State of Washington that on the date below indicated I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such to the following:

*Attorneys for Defendant Fred Meyer Stores, Inc.*
Dennis Westlind, WSBA No. 39972
BULLARD LAW
200 SW Market Street, Suite 1950
Portland, Oregon 97201
Phone: (503) 248-1134
Fax: (503) 224-8851

DATED this 21st day of December, 2022.

          MENDEZ LAW GROUP, PLLC

          _____
          Damian S. Mendez, WSBA #36157

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 7

**MENDEZ LAW GROUP, PLLC**
3317 36TH AVE SOUTH, SUITE B
SEATTLE, WASHINGTON 98144
PHONE: (206) 290-5148   FAX (206) 260-9010