The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

AMELIA SAPPHIRE, individually and as class representative,

Plaintiff,

v.

FRED MEYER STORES, INC.,

Defendant.

Case No. 2:22-cv-01795-JCC

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

For its answer to Plaintiff's Complaint for Damages ("Complaint"), Defendant Fred Meyer Stores, Inc. ("Fred Meyer" or "Defendant") responds as follows:

## I. SUMMARY STATEMENT

1.

In response to Paragraph 1 of the Complaint, Defendant admits that this paragraph fairly summarizes Plaintiff's allegations and claims in the Complaint. To the extent that Paragraph 1 contains any factual allegations, Defendant denies those allegations.

## II. JURISDICTION AND VENUE

2.

In response to Paragraph 2 of the Complaint, Defendant admits that it does business in the State of Washington, including King County and that it is a foreign profit corporation registered to do business in Washington. Defendant denies all remaining allegations in this paragraph.

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 1

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

3.

Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it operates and conducts business in King County. Defendant denies all remaining allegations in this paragraph.

4.

Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff's claims are brought under Washington state law. Defendant denies all remaining allegations in this paragraph.

5.

Denied.

### III.   PARTIES

6.

In response to Paragraph 6 of the Complaint, Defendant admits that Plaintiff was employed by Fred Meyer beginning on or around August 15, 2022 and that she has represented that she is a resident of Clark County in the State of Washington, which Defendant has no reason to dispute. Defendant also admits that Plaintiff currently works for Fred Meyer in the bakery department at its store in Hazel Dell at 7700 NE Highway, Vancouver, WA 98665. Defendant denies all remaining allegations in this paragraph.

7.

In response to Paragraph 7 of the Complaint, Defendant admits that it operates a chain of retail grocery stores and is incorporated in the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202. Defendant denies all remaining allegations in this paragraph.

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 2

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

## IV. CLASS ACTION ALLEGATIONS

8.

In response to Paragraph 8 of the Complaint, Defendant admits that Plaintiff seeks to bring a putative class action on behalf of a class defined in the Complaint as: "All individuals who are or have been employed by Fred Meyer in the State of Washington at any time since the activation of the new payroll system, which is believed to have occurred in September 2022, through the date of final disposition of this action" (the "Proposed Class"). Defendant denies all remaining allegations in this paragraph.

9.

In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff seeks to certify a Proposed Class consisting of more than 10,000 individuals. Defendant denies all remaining allegations in this paragraph.

10.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

11.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

12.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

13.

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 3

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

14.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**V.    FACTS COMMON TO ALL CLAIMS**

15.

In response to Paragraph 15 of the Complaint, Defendant admits that it implemented a new payroll system for its hourly paid, non-exempt employees in Washington in or around September 2022. Defendant denies all remaining allegations in this paragraph.

16.

In response to Paragraph 16 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies resulting from the new payroll system, which Defendant promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

17.

Denied.

18.

In response to Paragraph 18 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies resulting from the new payroll system, which Defendant promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 4

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax:  (503) 224-8851

paragraph.

19.

In response to Paragraph 19 of the Complaint, Defendant admits that it is making efforts to identify and correct payroll discrepancies to remedy the discrepancies. Defendant denies all remaining allegations in this paragraph.

## VI.   FIRST CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 – Payment of Wages Less than Entitled)**

20.

Defendant incorporates by reference its responses to the preceding paragraphs as if fully stated herein.

21.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant responds that the provisions of RCW 49.46.090 speak for themselves. Defendant denies all remaining allegations in this paragraph.

22.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## VII.   SECOND CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)**

23.

Defendant incorporates by reference its responses to the preceding paragraphs as if fully stated herein.

24.

The allegations in this paragraph contain legal conclusions to which no

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 5

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax:  (503) 224-8851

1  response is required. To the extent a response is required, Defendant responds that the
2  provisions of RCW 49.46.130 speak for themselves. Defendant denies all remaining
3  allegations in this paragraph.

25.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### VIII.  THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions or Rebates)**

26.

Defendant incorporates by reference its responses to the preceding paragraphs as if fully stated herein.

27.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant responds that the provisions of RCW 49.52.060 and WAC 296-126-028 speak for themselves. Defendant denies all remaining allegations in this paragraph.

28.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant responds that the provisions of WAC 296-126-028(5), RCW 49.52.060, and WAC 296-128-010(9) speak for themselves. Defendant denies all remaining allegations in this paragraph.

29.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 6

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax:  (503) 224-8851

allegations in this paragraph.

30.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### IX.   FOURTH CLAIM FOR RELIEF
### (RCW 49.52.050 – Willful Refusal to Pay Wages)

31.

Defendant incorporates by reference its responses to the preceding paragraphs as if fully stated herein.

32.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant responds that the provisions of RCW 49.52.070 speak for themselves. Defendant denies all remaining allegations in this paragraph.

33.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant responds that the provisions of RCW 49.52.070 speak for themselves. Defendant denies all remaining allegations in this paragraph.

34.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

35.

The allegations in this paragraph contain legal conclusions to which no

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

36.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

37.

Except as expressly admitted above, Defendant denies each and every allegation in the Complaint, including the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following as separate affirmative defenses without assuming the burden of proof, where such burden is otherwise on Plaintiff under applicable law. Defendant reserves the right to amend and/or supplement its affirmative defenses as they become apparent during this litigation.

1.

Plaintiffs' Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

2.

Defendant invokes the defenses, protections, and limitations of Washington's wage and hour laws, including, but not limited to, RCW 49.48.030, in that Plaintiff and putative members of the Proposed Class as set forth in the Complaint are not entitled to recover attorney fees in this action to the extent that their amount of recovery is less than or equal to the amount admitted by Defendant or that Defendant has paid or agreed to pay.

3.

Plaintiff's claims may be barred, in whole or in part, by failure to exhaust

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 8

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

administrative remedies.

4.

In light of Plaintiff's failure to exhaust available grievance, arbitration, and administrative remedies, attorney fees are not reasonable or recoverable.

5.

Plaintiff's claims, in whole or in part, may require the interpretation of a collective bargaining agreement and are therefore preempted by the Labor Management Reporting and Disclosure Act ("LMRDA") and/or the Labor Management Relations Act ("LMRA").

6.

Defendant may be entitled to an offset or setoff of damages for payments it made to Plaintiff and putative members of the Proposed Class, including, but not limited to, payments for time not worked and any other form of overpayment.

7.

Plaintiffs' claims may be barred, in whole or in part, for failure to mitigate damages.

8.

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

9.

Plaintiffs' claims may be barred, in whole or in part, because Defendant acted at all relevant times in good faith and Defendant's actions were not willful or with the intent to deprive Plaintiff or putative members of the Proposed Class of any part of their wages.

10.

If and to the extent that Plaintiff can prove that she engaged in any

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 9

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

1 uncompensated work, some or all of the time is de minimis and thus not compensable.

2 11.

3 Plaintiff's claims may be barred, in whole or in part, because the alleged
4 pay discrepancies do not constitute withholdings, deductions, or diversions under
5 RCW 49.52.060, WAC 296-126-028 and any similar or related laws or regulations.

6 12.

7 To the extent that Plaintiffs and putative members of the Proposed Class
8 as set forth in the Complaint entered into releases with Defendant during their
9 employment, upon termination of their employment, or in connection with other
10 disputes or circumstances, their claims may have been released and waived.

11

12 WHEREFORE, Defendant seeks judgment in its favor and against
13 Plaintiff, that Plaintiff's claims be dismissed in their entirety with prejudice, and that
14 Defendant be awarded attorney fees, costs, disbursements and such other relief as the
15 Court may deem just and proper.

16 Dated this 27th day of December, 2022.

17 BULLARD LAW

18
19 By s/Dennis Westlind
    Dennis Westlind, WSB No. 39972
20  Attorneys for Defendant
    Fred Meyer Stores, Inc.

21
22
23
24
25
26

ANSWER AND AFFIRMATIVE DEFENSES (2:22-cv-01795-JCC) - 10

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

# CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022 I served the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** on:

| | |
|---|---|
| Damian S. Mendez | Richard B. Myers |
| Mendez Law Group, PLLC | Bennett Hartman |
| 3317 36th Ave South, Unit B | 210 SW Morrison St. |
| Seattle, Washington 98144 | Portland, OR 97204 |
| damian@damianmendezlaw.com | richard@bennetthartman.com |

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/Dennis Westlind
Dennis Westlind, WSB No. 39972
Attorneys for Defendant
Fred Meyer Stores, Inc.

CERTIFICATE OF SERVICE - 1

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851