The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

AMELIA SAPPHIRE, individually and as class representative,

    Plaintiff,

  v.

FRED MEYER STORES, INC.,

    Defendant.

Case No. 2:22-cv-01795-JCC

DECLARATION OF TRICIA A. HALPIN IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

I, Tricia A. Halpin, hereby declare as follows:

1. I am employed by Fred Meyer Stores, Inc. ("Fred Meyer") as a Division Assistant HR Leader. I have been in this position since May 2021 and have worked for Fred Meyer in various roles since July 1994. I make this declaration based on personal knowledge and am competent to testify to the matters herein.

2. Fred Meyer currently has 61 store locations across 43 cities in Washington. As of December 27, 2022, Fred Meyer employed 16,249 individuals in the State of Washington, most of whom are represented by a union. Further, 906 employees had termination dates between September 25 and December 26, 2022. Accordingly, the total number of employees in Washington for the relevant time period is at least 17,155.

DECLARATION OF TRICIA A. HALPIN - 1

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1900
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

3.      On or around September 25, 2022, Fred Meyer implemented a new payroll system for its employees in Washington. This new payroll system has resulted in systemic and widespread errors, including missing or late paychecks; inaccurate work hours and wage rates; and incorrect deductions and withholdings. Given the widespread and systemic nature of the payroll discrepancies at issue in this case, it is possible that every employee who received a paycheck under the new payroll system has been affected to some degree.

4.      Thousands of employees have been affected by these payroll issues, which Fred Meyer has been working to promptly identify and correct on an ongoing basis. Beginning in early October 2022, the Fred Meyer HR Department began tracking complaints it received from employees regarding payroll issues. Through December 30, 2022, Fred Meyer received a total of 1,658 separate payroll complaints from employees in Washington. To this date, Fred Meyer continues to receive new reports and complaints from Washington employees regarding their pay on an almost daily basis. Furthermore, in addition to complaints from employees, Fred Meyer itself has proactively identified thousands of payroll issues affecting its Washington employees and continues to do so.

5.      Fred Meyer has been working to issue retroactive payments to employees with incorrect pay since errors began to be identified in October. Many of these retroactive payments have been issued through "off-cycle" payments, *i.e.*, payments made outside of the normal pay period dates. I reviewed a detailed spreadsheet of all off-cycle payments issued to Washington employees from October 3, 2022 through January 3, 2023. This data set does not include retroactive payments that were paid "on-cycle" and added to an employee's normal wages or via prepaid gift cards. Furthermore, it does not include outstanding payroll issues for which no retroactive payments have been issued. Based on my general knowledge of payroll issues Fred

DECLARATION OF TRICIA A. HALPIN - 2

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

Meyer has identified, the scope of on-cycle retroactive payments and prepaid gift cards issued to employees, and outstanding issues that have yet to be corrected, I estimate that there are at least several thousand additional payroll errors and affected employees that were not included in the off-cycle payment data that I reviewed.

6. Based on my review of the foregoing data, Fred Meyer issued a total of at least $1,348,616.19 in off-cycle payments to 7,636 individual employees in Washington from October 3, 2022 through January 3, 2023. The median value of these payments is $273.03. In order to arrive at this calculation, identical payment amounts were de-duplicated in order to filter payments for which there was more than one line entry (*e.g.*, if a retroactive payment was issued to correct payroll errors from two separate pay periods, such payment appeared twice in the original data of off-cycle payments). This process of de-duplication, however, also resulted in removing all but one instance of any retroactive payments representing the same amount paid to multiple employees. Thus, for example, although dozens of different employees received retroactive payments in the amount of $100.00, this amount is only accounted as a single entry in calculating the total amount of $1,348,616.19. Accordingly, the foregoing is a conservative estimate of retroactive off-cycle payments, with the actual figure very likely to be higher.

7. A small percentage of the foregoing off-cycle payments represent final paychecks for employees who left employment with Fred Meyer during the relevant time period. Based on a conservative calculation that included all off-cycle payments for employees who had a termination date within the relevant time period (whether or not such payments actually constituted final paychecks instead of retroactive payments), the total value of off-cycle payments constituting final paychecks is, at most, $180,845.70.

8. In addition to internal employee complaints, Fred Meyer has received 147 separate complaints related to the new payroll system through the

DECLARATION OF TRICIA A. HALPIN - 3

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

Washington Department of Labor & Industries. Of those 147 complaints, only 113 employees are included in the retroactive payment data in Paragraphs 5-7 above. Accordingly, 34 employees with payroll issues who complained to the DOL are not included in the above data set related to off-cycle retroactive payments.

9. Based on my knowledge of and personal investigation, I believe that the foregoing data of retroactive off-cycle payments only constitutes a portion of the total payroll errors that have resulted from the new payroll system beginning on September 25, 2022. I estimate that thousands of additional employees have been affected when accounting for all on-cycle retroactive payments, outstanding payroll issues that have yet to be corrected with any retroactive payments, and errors that continue to be reported on an almost daily basis by employees or identified by Fred Meyer. Furthermore, these categories are not mutually exclusive. For example, an employee who received an off-cycle retroactive payment may have also received an on-cycle retroactive payment or prepaid gift card.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

DATED: January 9, 2023

By: _____
Tricia A. Halpin

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023 I served the foregoing DECLARATION OF TRICIA A. HALPIN IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND on:

| | |
|---|---|
| Damian S. Mendez | Richard B. Myers |
| Mendez Law Group, PLLC | Bennett Hartman |
| 3317 36th Ave South, Unit B | 210 SW Morrison St. |
| Seattle, Washington 98144 | Portland, OR 97204 |
| damian@damianmendezlaw.com | richard@bennetthartman.com |

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/Dennis Westlind
Dennis Westlind, WSB No. 39972
Ed Choi, OSB No. 135673
*(admitted pro hac vice)*
Jess Osborne, OSB No. 124101
*(admitted pro hac vice)*
Attorneys for Defendant
Fred Meyer Stores, Inc.

CERTIFICATE OF SERVICE - 1

BULLARD LAW
A Professional Corporation
Attorneys at Law
200 SW Market Street, Suite 1950
Portland, Oregon 97201
(503) 248-1134
Fax: (503) 224-8851