THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMELIA SAPPHIRE,<br><br>                     Plaintiff,<br><br>     v.<br><br>FRED MEYER STORES, INC.,<br><br>                     Defendant. | CASE NO. C22-1795-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand and for attorney fees (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.      BACKGROUND

In November 2022, Plaintiff filed a putative class action in King County Superior Court, alleging that errors caused by Defendant's new payroll system violated Washington wage laws. (*See* Dkt. No. 1-2.) The complaint did not specify an exact amount of damages. (*See generally id.*) Instead, it requested compensatory and exemplary damages, as well as attorney fees and costs. (*Id.* at 8.) Defendant removed the case to this Court, pursuant to the Class Action Fairness Act ("CAFA"), codified in part at 28 U.S.C. § 1332(d), based on its assertion that this case involves a class action with at least 100 members, minimal diversity exists, and the amount in controversy of the aggregated claims exceeds $5,000,000. (*See* Dkt. No. 1.) Plaintiff then moved

ORDER
C22-1795-JCC
PAGE - 1

to remand, arguing the amount in controversy requirement has not been met; she also seeks fees and costs incurred. (Dkt. No. 8.)

## II. DISCUSSION

### A. Amount in Controversy

Before the Court may exercise subject matter jurisdiction over a putative class action, a number of requirements must be met. The only requirement at issue in this case is the amount in controversy, which requires that the aggregate claims of the individual class members exceed $5,000,000. 28 U.S.C. 1332(d)(2).

In its notice of removal, a defendant need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "The amount in controversy considers the amount in dispute, not that amount that a plaintiff is likely to recover." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When the defendant's asserted amount is challenged, both sides must submit proof and the Court must determine, by a preponderance of the evidence, whether the requirement has been satisfied. *Cherokee Basin*, 574 U.S. at 88. The defendant bears the burden of proof. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). To support its claimed amount in controversy, a defendant may rely on a "chain or reasoning that includes assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

To support its assertion regarding the amount in controversy here, Defendant asks the Court to make a series of inferences. (*See* Dkt. No. 16.) First, it asks the Court to assume that most, if not all, employees were impacted by the payroll error. (*Id.* at 5.) In doing so, Defendant relies on Plaintiff's allegation that the class action concerns "widespread errors" and includes "all individuals" employed by Defendant in the relevant time frame. (*Id.* (citing Dkt. No. 1-2 at 2, 5).) Defendant also notes that since October 2022 it has received over 1,658 internal payroll complaints, in addition to 147 complaints submitted through the Washington Department of Labor & Industries (*Id.* at 5, 6.) Based on this volume of complaints, and Plaintiff's assertions of

widespread issues, Defendant concludes the impacted class will likely include at least 12,000 employees. (*Id.* at 8.) The Court finds this estimation reasonable.

Defendant then looks at "off-cycle" payments, paid outside the normal pay period dates, made to employees during the relevant time period. (*Id.* at 6.) It asserts these payments conservatively total $1.2 million, excluding off-cycle payments for final paychecks rather than payroll issues. (*Id.* at 7.) Defendant notes this estimate likely undercounts the actual figure of off-cycle payments. (*Id.*) Based on this estimate, Defendant concludes the average impact per employee is likely over $200.[1] (*Id.* at 8.) Estimating 12,000 impacted employees with damages of roughly $200 each, and taking into account Plaintiff's claims for double damages, Defendant concludes it has satisfied the amount in controversy requirement. (*See* Dkt. No. 16 at 8.) But the evidence presented does not support the conclusion that "the average impact per employee is likely over $200." (*Id.* at 8.) For example, Plaintiff presents evidence that the off-cycle payments are *not* the exact amount owed from payroll. (Dkt. No. 18-1 at 5.) And, as such, according to Plaintiff, the impact on the majority of employees does not exceed $30. (Dkt. No. 8-1 at 2.)

Defendant does not explain why it presents data for off-cycle payments, rather than the actual errors in pay reported to it. Presumably, given the number of complaints filed, Defendant has access to this information. Although the data presented *could* support a finding that the average payment was over $200, it could just as likely have no correlation to the actual payroll issues. And for this reason, the Court FINDS that Defendant has not shown, by a preponderance of evidence, that the average claim per employee is over $200. Without this, Defendant's argument regarding the amount in controversy fails.

The Court further notes that the cases Defendant cites in support of its approach are inapposite. In each, the defendant *first* submitted concrete evidence *before* making assumptions based on that data. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015)

---

[1] Notably, Defendant presents the *median* value of all off-cycle retroactive payments. (Dkt. No. 16 at 7.) The median does not necessarily equal the average payment.

(extrapolating fuel costs for entire year based on costs for one quarter); *Hudson v. Sterling Jewelers Inc.*, 2018 WL 1662500, slip op. at 1 (C.D. Cal. 2018) (approximating wage violations based on specific hourly wages and estimated hours worked); *Waller v. Hewlett-Packard Co.*, 2011 WL 8601207, slip op. at 3 (S.D. Cal. 2011) (estimating total sales based on sales from one retailer); *Gates v. Starbucks Corp.*, 2009 WL 2591492, slip op. at 3 (N.D. Cal. 2009) (determining total wage violations based on number of workers, average pay, and hours worked). If Defendant here had first shown sufficient evidence supporting its average claim per employee, the Court could then reasonably extrapolate and apply that to all employees. But it did not.

Accordingly, Plaintiff's motion to remand is GRANTED.

**B.  Attorney Fees**

Plaintiff requests attorney fees and costs incurred as a result of the removal. (Dkt. No. 8 at 6.) Absent unusual circumstances, courts generally only award fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Defendant does not provide sufficient evidence regarding the amount in controversy requirement, the Court cannot conclude that it lacked a reasonable basis when seeking removal. Defendant believes there is a large number of impacted employees and put forth evidence the amount in controversy was met when considering the average harm per employee. Although the evidence presented does not support this claim, Defendant's basis for removal was not unreasonable. Plaintiff's request for fees is DENIED.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion for remand and fees (Dkt. No. 8) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to remand this case to King County Superior Court.

//

//

1 | DATED this 28th day of February 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-1795-JCC
PAGE - 5